Henry W. Bull, et al.
vs.                          Law No. 83266.
Paul Castiglioni, Appt.

February 21, 1931.

CHURCHILL, J.    Heard on plaintiffs' motion for a new trial after verdict for defendant.

This is a suit to recover a balance due after sale of securities claimed to have been bought on account of the defendant.

The plaintiffs are stock brokers doing business as Harriman & Co. The main offices of the concern are in New York City. A branch office is maintained in Providence. The defendant, who operated a restaurant and who had apparently no previous experience in stock market operations, began business with the plaintiffs on October 9th, 1929, when he purchased through them certain securities which he later paid for on October 14th, 1929. When he began business with the plaintiffs, he signed the ordinary form of authorization which gave the plaintiffs the right to close out any or all "securities in my account" without notice should margins become impaired.

The ledger sheet shows a purchase on account of the defendant of 10 shares of "Rossia" at 48 on November 4, 1929, and 10 shares of Fox at 67 on November 6, 1929. After notice, these shares not being paid for by the defendant, the plaintiffs sold at the market on November 12, 1929. Fox was sold at 62½, netting $615.85, and "Rossia" at $34.78, netting $343.35, leaving a balance due the plaintiffs of $202.25.

The defence set up was that both orders were orally cancelled by the defendant on November 4, 1929.

The plaintiffs introduced a series of documents, apparently authentic, and while none of them were signed by the defendant, except the authorization before mentioned, they were sufficient to show a consistent course of dealing.

In addition to the ledger card, the plaintiffs put in a memorandum dated October 31, 1929, showing an order to buy 10 "Rossia" at 48 and 10 Fox at 67, and a confirmation of such order; a confirmation of purchase of 10 "Rossia" at 48 under date of November 4, 1929, and a confirmation of purchase of 10 Fox at 67 on November 6, 1929. These confirmations were sent from the New York office to the defendant and were received on the 5th and 7th of November respectively.

Next the plaintiffs put in an order to sell, dated November 8, 1929, which ordered the sale of 10 "Rossia" at 46 and 10 Fox at 72. The defendant testified that he gave no order to buy at a price, but at the market, and that, having heard nothing from the order given on October 31, 1929, he interviewed Mr. Reuter, the manager of the Providence branch, on November 4th, and that Reuter informed him they had no record of any such orders; that defendant then said: "Never mind. Cancel it;" that he went to the Industrial Trust Company forthwith and purchased 10 shares of "Rossia" at 56. This later was corroborated by purchase order signed by the defendant.

The defendant admits receiving confirmation of the purchase from Harriman & Co. of both blocks of securities. He denied having given the sale order on November 8th.

The plaintiffs then put in a telegram dated November 8th to the main office in New York, signed by Reuter, which read: "Although Paul T. Castiglioni tried to sell 10 Rossia and 10 Fox today by giving us orders to sell at price limits he now repudiates the purchase of these 2 ten share lots by saying that he ordered these orders cancelled last Monday. Pls advise. Prior to this his trades went thru O. K."

The testimony of the defendant that his initial order to buy was given at the market is demonstrated to be incorrect by the purchase memorandum.

The sale order given on the 8th of November and the telegram on that date either speak the truth or were fabrications designedly made up. The latter alternative is not supported by any evidence or by the probabilities of the case.

In the face of the documentary evidence, the verdict of the jury was not warranted and is against the great preponderance of the evidence.

Justice requires a new trial, and the motion for a new trial is hereby granted.

For plaintiffs: Francis J. O'Brien.
For defendant: McGovern & Slattery.